# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE RAY, | 1:11-cv-01450-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| v. | |
| TERI GONZALEZ, | [Doc. 1] |
| Respondent. | |

 Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

 Petitioner filed the instant petition for writ of habeas corpus on August 17, 2011, in the United States District Court for the Eastern District of California, Sacramento Division.  The petition was transferred to this Court on August 29, 2011.  Petitioner challenges a 2002 conviction for second degree murder in the Fresno County Superior Court.

 Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997).  A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis

of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

Petitioner has previously filed a petition for writ of habeas corpus in this Court in case number 1:06-cv-1898-DLB (HC). That petition was dismissed with prejudice as untimely in violation of 28 U.S.C. § 2244(d)(1), and the dismissal was affirmed on appeal. Although a dismissal based on the statute of limitations does not include an examination of the merits of the petition, it nonetheless operates and is equivalent to a final judgment on the merits. See e.g. Ellingson v. Burlington Northern Inc., 653 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("[a] judgment based on the statute of limitations is 'on the merits', citing Mathis v. Laird, 457 F.2d 926, 927

5th Cir. 1972), cert. denied, 409 U.S. 871 (1972)); <u>In re Marino</u>, 181 F.3d 1142, 1144 (9th Cir. 1999) (explaining that "for res judicata purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the merits.")  A dismissal based on untimeliness under the statute of limitations bars further review of the action.  Therefore, because the prior petition was adjudicated "on the merits", the instant petition is a "second or successive petition" under § 2244(b) that must be dismissed, without prejudice, to re-filing if Petitioner seeks and obtains approval in the Ninth Circuit Court of Appeals to file a second or successive petition.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that the instant petition for writ of habeas corpus is DISMISSED without prejudice as a successive petition.

IT IS SO ORDERED.

**Dated:   September 8, 2011**            **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE